IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| STANLEY CARTER, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 07-085-MO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MOSMAN, J.,**

Plaintiff Stanley Carter challenges the Commissioner's decision finding him not disabled and denying his application for Supplemental Security Income ("SSI"). I have jurisdiction under 42 U.S.C. §§ 405(g) and 1313(c). For the following reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Opinion and Order.

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Administrative Law Judge ("ALJ") made his decision based upon a five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (9th Cir. 1987); 20 C.F.R. § 416.920(a). Mr. Carter challenges the ALJ's continuation of his

PAGE 1 - OPINION AND ORDER

hearing without representation, as well as the ALJ's evaluation of Mr. Carter's credibility and the medical evidence.

## PROCEDURAL HISTORY

Mr. Carter filed an SSI application on September 27, 2004. Tr. 42-44.[1]  This application was denied initially and upon reconsideration.  Tr. 32-34, 37-41.  Mr. Carter appealed and an ALJ held a hearing on June 14, 2006.  Tr. 144-71.  On July 26, 2006, the ALJ found Mr. Carter not disabled.  Tr. 17-25.  The Appeals Council accepted additional evidence into the record but denied review of the ALJ's decision, making his decision the Commissioner's final decision.  Tr. 4-7.  Mr. Carter appeals.

## ANALYSIS

### I.    Representation

Mr. Carter appeared at his hearing before the ALJ accompanied by a social worker but without legal counsel.  Tr. 145-71.  The ALJ advised Mr. Carter of his right to a representative and asked Mr. Carter if he wished to postpone his hearing in order to obtain counsel.  Tr. 146-47.  Mr. Carter initially stated that he "might need some kind of representation later" but also said to the ALJ "I don't know what to tell you.  What should I do?"  Tr. 147.  The ALJ again advised Mr. Carter of his right to representation and Mr. Carter stated that he would "try to look into [sic] see if I can find an attorney to represent me maybe."  *Id.*  The ALJ stated that he would postpone the hearing.  *Id.*  At this point Mr. Carter's social worker asked if he could "go ahead right now and not get an attorney."  Tr. 148.  The ALJ replied that he was "uncomfortable" continuing the

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer on April 30, 2007 (docket #10).

PAGE 2 - OPINION AND ORDER

hearing, and again asked Mr. Carter if he wanted to proceed. *Id.* Mr. Carter responded, "I'll just go ahead and proceed I guess right now." *Id.*

The ALJ told Mr. Carter, "If you change your mind at any point during this hearing, just say, Judge, I want to change my mind. If you change your mind again, I'm absolutely going to continue this hearing. I won't hesitate." *Id.* Mr. Carter again affirmed that he was "comfortable to proceed right now." *Id.*

Mr. Carter now contends the ALJ should have postponed the hearing due to his hesitation in deciding to proceed. Pl. Opening Br. 11-12. Absence of counsel alone is not sufficient for remand. *Hall v. Secretary of Health, Educ. and Welfare*, 602 F.2d 1372, 1378 (9th Cir. 1979). Mr. Carter must show that prejudice or unfairness arose due to absence of counsel. *Id.* Mr. Carter contends only that he "clearly expressed that he wanted a representative and was only persuaded to continue unrepresented because of the amount of time it would take to consider another hearing." Pl. Opening Br. 12. This submission misconstrues Mr. Carter's statements to the ALJ and ignores the prejudice standard. This submission therefore fails.

**II.    The ALJ's Step Two Findings**

Mr. Carter submits that the ALJ failed to find his mental impairments and shoulder impairment severe at step two. Pl. Opening Br. 4-7.

At step two in the sequential proceedings, the ALJ determines if the claimant has a "severe" impairment. 20 C.F.R. § 416.920(a)(4)(ii). An impairment is "severe" if it "significantly limits your ability to do basic work activities." 20 C.F.R. § 416.920(c), *see also* 20 C.F.R. § 416.921. Such an impairment must last, or be expected to last, twelve months. 20 C.F.R. § 416.909.

PAGE 3 -  OPINION AND ORDER

This court notes that the ALJ's analysis at steps four and five must consider all of a claimant's impairments, both severe and non-severe. 20 C.F.R. § 416.945(a)(2). Here the ALJ discussed Mr. Carter's reports of left forearm and hand weakness, as well as a previous rotator cuff injury. Tr. 20. The ALJ also considered that Mr. Carter had "good shoulder range of motion" in July 2004. *Id.* Regarding Mr. Carter's alleged mental impairments, the ALJ discussed a reviewing psychologist's assessment Mr. Carter had no severe mental impairment. Tr. 22. The ALJ also noted lay testimony submitted by a social worker[2] regarding Mr. Carter's mental health treatment. Tr. 23. Because the ALJ discussed Mr. Carter's shoulder and mental impairments in his findings beyond step three, any omission regarding a step two severity finding is harmless. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

### III.    Mr. Carter's Credibility

Mr. Carter submits that ALJ erroneously based his credibility finding upon the medical evidence alone. Pl. Opening Br. 8. The ALJ noted Mr. Carter's contradictory testimony regarding his drug use, activities of daily living, and his failure to seek treatment. Tr. 20-24. The ALJ may consider such factors in his credibility analysis. *Smolen v. Chater*, 81 F.3d 1273, 1284 (9th Cir. 1996). This reasoning is sustained.

### IV.    The ALJ's RFC Assessment

Mr. Carter claims the ALJ erroneously evaluated his RFC because he failed to account for Mr. Carter's shoulder impairment and degenerative disc disease. Pl. Opening Br. 10. Mr. Carter specifically claims the ALJ should have credited a reviewing physician's assessment limiting Mr.

---

[2]A social worker is not an "acceptable medical source" under the Commissioner's regulations. 20 C.F.R. § 416.913(d)(1).

PAGE 4 - OPINION AND ORDER

Carter from reaching in all directions. *Id.*

The ALJ noted reviewing physician Dr. Johnson's assessment and limited Mr. Carter to a "full range of light work." Tr. 22, 25. The record shows that Dr. Johnson limited Mr. Carter to "occasional overhead reaching [bilaterally] due to cervical [degenerative disc disease], arthritis, and radiculopathy." Tr. 67.

The ALJ has a particular duty to "fully and fairly develop the record and to assure that the claimant's interests are considered," when a claimant, as here, is unrepresented by counsel. *Widmark v. Barnhart*, 454 F.3d 1063, 1068-69 (9th Cir. 2006). An unrepresented claimant is not expected to be aware that a specific (and seemingly minor) impairment could determinatively impact his RFC assessment. *Id*. at 1069.

This reasoning is applicable here. The Commissioner now asserts that the ALJ's discussion properly considered all physicians of record, and that the ALJ properly discarded a limitation assessed by a reviewing physician because the record did not otherwise reflect such a limitation. Def. Br. 15 (citing *Lester v. Chater*, 81 F.3d 821, 830-31, 834 (9th Cir. 1995)). However, the medical record in this case is sparse. Imaging studies indicate that in September 2004 Mr. Carter exhibited "chronic advanced disc degenerative changes within the cervical spine, affecting all cervical disc levels." Tr. 129. The record shows that Mr. Carter concurrently reported left arm numbness, but contains no clinical examination report regarding the September 2004 imaging study. Tr. 105-07. No treating or examining physician made any functional assessments related to Mr. Carter's degenerative joint disease.

Because Mr. Carter was unrepresented, the ALJ had a heightened duty to develop the record. *Widmark*, 454 F.3d 1068. In light of this standard, this court cannot find that a silent

PAGE 5 - OPINION AND ORDER

record, without specific physical examination, supports rejection of a reviewing physician's restriction. For this reason the ALJ's evaluation of Dr. Johnson's limitation is not sustained.

## V.     Citation to Mr. Carter's Alcohol Use

Mr. Carter finally contends the ALJ erroneously considered the materiality of his alcohol use prior to reaching a disability decision. Mr. Carter asserts that the ALJ should not have done so, but provides no authority for this submission. Pl. Opening Br. 13.

The ALJ cited record reports of Mr. Carter's alcohol use but made no finding that Mr. Carter's impairments, severe and non-severe, were materially impacted by his alcohol use under 20 C.F.R. § 416.935. Tr. 17-25. Mr. Carter's submission regarding his alcohol use is not based upon the record and therefore fails.

## **REMAND**

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000.), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings.

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman,* 211 F.3d at 1178 (quoting *Smolen,* 80 F.3d at 1292). The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Dodrill v.*

*Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)); *Nguyen v. Chater*, 100 F.3d 1462, 1466-67 (9th Cir. 1996); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991).

Here, the ALJ erroneously ignored Dr. Johnson's reaching restriction. Dr. Johnson indicated that Mr. Carter cannot perform a full range of light work because he is limited in reaching overhead. Tr. 67. This evidence is credited. *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Crediting this evidence precludes the ALJ from applying Medical-Vocational rule 202.21. However, preclusion of this rule does not establish disability based upon Dr. Johnson's limitations.

In such instances, award of benefits is inappropriate. *Harman*, 211 F.3d at 1180. The matter must be remanded for further proceedings addressing the improperly discredited evidence. *Id.* The ALJ will also consider additional evidence submitted to the Appeals Council. The ALJ must then revise his RFC analysis, if necessary, and apply the correct medical-vocational guideline or obtain vocational expert testimony regarding Mr. Carter's workplace limitations. Finally, the ALJ must make adequate step four and five findings incorporating the indicated testimony.

## CONCLUSION

The Commissioner's decision that Mr. Carter did not suffer from disability and is not entitled to benefits under Title XVI of the Social Security Act is not based upon correct legal standards and is not supported by substantial evidence. The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

Dated this  22nd  day of February, 2008.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge